IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KASEY FITTS ) | |
| ) | Case No. 3:23-cv-00709 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| THE TENNESSEE DEPARTMENT OF ) | |
| SAFETY AND HOMELAND SECURITY ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Kasey Fitts's motion for leave to file the second amended complaint (Docket No. 27), to which Defendant The Tennessee Department of Safety and Homeland Security filed a response in opposition (Docket No. 28) and Plaintiff filed a reply in support (Docket No. 29). For the reasons set forth below, Plaintiff's motion for leave to file the second amended complaint (Docket No. 27) is **GRANTED**.[1]

---

[1] Although the Sixth Circuit has not directly addressed whether a motion to amend is a dispositive or non-dispositive motion, most district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g.*, *Gentry v. The Tennessee Bd. of Jud. Conduct*, No. 3:17-cv-00020, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review . . .") (citations omitted); *Chinn v. Jenkins*, No. 3:02-cv-00512, 2017 WL 1177610, at *2 (S.D. Ohio Mar. 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, No. 12-cv-12751, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Ins. Co.*, No. 3:12-CV-00373, 2014 WL 2177799, at *1–2 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, Nos. 3:06-cr-00061, 3:12-cv-00302, 2013 WL 5820251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive). *See also Elliott v. First Fed. Comm. Bank of Bucyrus*, 821 F. App'x 406, 412–13 (6th Cir. 2020) (referring generally to motion for leave to amend as non-dispositive motion).

# I. BACKGROUND

Familiarity with this case is presumed and only those underlying facts and procedural history necessary to give context to or explanation of the Court's ruling are recited.[2]

Plaintiff initiated this matter on July 17, 2023. (Docket No. 1.) In her complaint, Plaintiff, who is a female and has been a trooper with the Tennessee Highway Patrol since 2012, alleges that Defendant violated Title VII and asserts three claims: (1) gender discrimination, (2) unlawful retaliation, and (3) sexual harassment and hostile work environment. (*Id.* at 12–15.)[3] Accordingly, Plaintiff seeks damages in the form of back pay, compensatory damages, an injunction against Defendant's alleged unlawful discrimination, attorney's fees, court costs, and discretionary costs. (*Id.* at 15–16.) On October 10, 2023, Plaintiff amended her complaint with additional allegations related to Defendant's alleged continuing violation of Title VII. (Docket No. 15 at 15–84.)[4] Plaintiff did not add any new causes of action, but she did add allegations related to her existing causes of action. (*Id.* at 17–23.)

In response to the amended complaint, Defendant filed a partial motion to dismiss (Docket No. 18) in which it argues that Plaintiff failed to adequately exhaust her administrative remedies for most of her allegations and that she failed to state a claim under Rule 12(b)(6)[5] for her hostile

---

[2] These facts are taken from the record, and unless otherwise noted, are largely undisputed.

[3] The paragraphs in Plaintiff's complaint are misnumbered. For example, the last paragraph of Plaintiff's fact section is Number 59 and the next paragraph, which is the first of her cause of action section, is Number 26. (Docket No. 1 at 12.) To minimize confusion, the Court will refer to the page rather than paragraph number of the complaint.

[4] The paragraphs in Plaintiff's amended complaint are also misnumbered. To minimize confusion, the Court will refer to the page rather than paragraph number of the amended complaint.

[5] Unless otherwise noted, all references to rules to are to the Federal Rules of Civil Procedure.

work environment claim. (Docket No. 19 at 5–10.) That motion has been fully briefed and is pending before the District Judge.

In the present motion, Plaintiff seeks to amend her complaint "to include allegations of retaliation that have occurred subsequent to the filing of the original and first amended complaints." (Docket No. 27 at 1.) Plaintiff asserts that these new allegations are "directly connected to Plaintiff's engagement in protected activity under Title VII." (*Id.* at 2.) In particular, Plaintiff seeks to add allegations to the facts section of her complaint and to her three claims. (*Id.*) (Docket No. 27-1 at 17–19, 21, 24).[6] Defendant opposes Plaintiff's motion to amend because it believes that the proposed amendment fails to state a claim for retaliation and is, therefore, futile. (Docket No. 28.)

## II.  LAW AND ANALYSIS

The Court's consideration of the pending motion for leave to amend is governed by Rule 15, which states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a plaintiff's claims should be decided on the merits "rather than the technicalities of pleadings." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). Sixth Circuit precedent clearly "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be freely

---

[6] The paragraphs in Plaintiff's proposed second amended complaint are also misnumbered. To minimize confusion, the Court will refer to the page rather than paragraph number of the proposed second amended complaint.

given." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting permission to amend a pleading is within the district court's sound discretion. *Moore*, 790 F.2d at 559 (internal citations omitted). For the reasons discussed below, the Court finds that Rule 15's liberal standard of allowing amendments is not overcome by any other considerations under the circumstances of this case, including futility.

The crux of Defendant's opposition focuses on the purported futility of Plaintiff's proposed amended complaint. (Docket No. 28 at 2–5.) A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). In connection with a motion to amend, the "Court's role is to evaluate only whether the futility of an amendment is so obvious that it should be disallowed." *Oro Capital Advisors, LLC v. Borro Const. Co., LLC*, Case Nos. 2:19-cv-5087, 2:20-cv-4894, 2022 WL 3026862, at *10 (S.D. Ohio Aug. 1, 2022) (internal citations omitted).

"Courts in this circuit recognize that futility arguments in the context of a motion to amend are functionally dispositive and present something of a conceptual difficulty when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020) (citing *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011)). *See also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint). Absent some glaring futility issue, such

4

as an expired statute of limitations, *see e.g. Oro Capital Advisors, supra*, the Court is disinclined to delve into the sufficiency of a plaintiff's statement of claims in the context of a motion for leave to amend. Particularly given the judicial inefficiencies that would result from a district judge's consideration of the same Rule 12(b)(6) issues in a subsequent motion to dismiss, the filing of which the Court finds is at least a reasonable possibility. Rather, the Court finds that the more resourceful way to address the sufficiency of Plaintiff's claims is to permit Plaintiff to further amend her complaint and allow Defendant to contest the legal sufficiency of the second amended complaint in an appropriate motion.[7]

In addition to the efficiencies discussed above, the Court finds no other apparent reasons to deny the motion for leave to amend under Rule 15(a)(2). Specifically, the Court does not find that Plaintiffs have made repeated prior efforts to cure deficiencies; that there has been any undue delay in Plaintiff's requested leave to amend, as the motion was filed within the deadline for amendment motions; or that there has been any resulting prejudice to Defendant. When considering the issue of prejudice, a court must ask whether allowing the amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citations omitted); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir.) (delay and increased costs from having to litigate a dispute are not sufficient

---

[7] To be clear, allowance of the amendment should not be construed as a determination that Defendant's arguments for dismissal are without merit. The Court expresses no opinion in this order on the merits of those arguments, including implicitly by granting Plaintiff's motion to amend.

prejudice). The Court finds no such circumstances here. Finally, the Court finds no bad faith by Plaintiff in moving to amend.

Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnson*, 413 F. App'x 804, 819 (6th Cir. 2011). There being no compelling reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.[8]

### III. CONCLUSION

For all these reasons, Plaintiff's motion for leave to file the second amended complaint (Docket No. 27) is **GRANTED**. The Clerk is directed to separately file the second amended complaint, which is presently found at Docket No. 27-1.

Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Defendant's motion for partial dismissal of amended complaint. (Docket No. 18.) The Clerk is therefore directed to **TERMINATE** that motion (Docket No. 18) without prejudice to refiling.

Further, Defendant shall answer or otherwise respond to the second amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

                                            */s/ Barbara D. Holmes*
                                            BARBARA D. HOLMES
                                            United States Magistrate Judge

---

[8] The Court also notes that the time to seek leave to amend has now expired, which minimizes, if not eliminates, the prospect of additional amendments.